**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**TAMPA DIVISION**

MICHAEL MULNIX,

      Petitioner,

v.                                                                                  Case No. 8:03- CV-500-T-30MSS

JAMES V. CROSBY, JR., et al.,

      Respondents.

_____/

## O R D E R

Petitioner, an inmate of the Florida penal system proceeding *pro se*, initiated this action by filing a Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254 (Dkt. 1). Petitioner is challenging his 1998 conviction for second degree murder entered by the Sixth Judicial Circuit Court, Pinellas County, Florida. Petitioner filed an amended petition on May 19, 2003 (Dkt. 15). Respondent has filed a response to the amended petition (Dkt. 22), and Petitioner has filed a reply thereto (Dkt. 28). The matter is now before the Court for consideration of the merits of the petition.

### Background

A recitation of the procedural history of Petitioner's criminal conviction is not necessary to the resolution of his habeas claims because Respondent does not dispute the timeliness of the petition, and Petitioner acknowledges that "Respondent[']s recitation of the procedural history of the case is an accurate assessment of the filings in the state and federal court" (Dkt. 28 at 1).

**Standard of Review**

Because Petitioner filed his petition after April 24, 1996, this case is governed by 28 U.S.C. § 2254, as amended by the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA). *Penry v. Johnson*, 532 U.S. 782, 792 (2001). The AEDPA "establishes a more deferential standard of review of state habeas judgments," *Fagged v. Head*, 261 F.3d 1206, 1214 (11th Cir. 2001), in order to "prevent federal habeas 'retrials' and to ensure that state-court convictions are given effect to the extent possible under law." *Bell v. Cone*, 535 U.S. 685, 693 (2002); *see also Woodford v. Visciotti*, 537 U.S. 19, 24 (2002) (habeas court's standard for evaluating state-court ruling is highly deferential, which demands that state-court decisions be given the benefit of the doubt).

Pursuant to AEDPA, habeas relief may not be granted with respect to a claim adjudicated on the merits in state court unless the adjudication of the claim:

(1)   resulted in a decision that was contrary to, or involved an unreasonable application, of clearly established Federal law, as determined by the Supreme Court of the United States; or

(2)   resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

28 U.S.C. § 2254(d); *Price v. Vincent*, 538 U.S. 634, 638-39 (2003). "Clearly established Federal law" is the governing legal principle, not the dicta, set forth by the United States Supreme Court at the time the state court issues its decision. *Lockyer v. Andrade*, 538 U.S.63, 71-72 (2003). Where no Supreme Court precedent is on point, or the precedent is ambiguous, it cannot be said that the state court's conclusion is contrary to clearly established governing federal law. *Mitchell v. Esparza*, 540 U.S. 12, 17 (2003).

A state court decision is "contrary to" the Supreme Court's clearly established precedent within the meaning of § 2254(d)(1) only if the state court applies a rule that

contradicts the governing law as set forth in Supreme Court case law, or if the state court confronts a set of facts that are materially indistinguishable from those in a decision of the Supreme Court and nevertheless arrives at a result different from Supreme Court precedent. *Mitchell v. Esparza*, 540 U.S. at 17 (citing *Williams v. Taylor*, 529 U.S. 362, 405-06 (2000)). A state court does not have to cite the Supreme Court precedent, or even be aware of it, so long as neither its reasoning nor its result contradicts Supreme Court precedent. *Early v. Packer*, 537 U.S. 3, 8 (2002); *Mitchell v. Esparza*, 540 U.S. at 17; *Parker v. Sec'y of Dep't of Corr.*, 331 F.3d 764, 775-76 (11th Cir. 2003).

"[A] federal habeas court may not issue the writ simply because that court concludes in its independent judgment that the relevant state court decision applied clearly established federal law erroneously or incorrectly.  Rather, that application must also be unreasonable." *Williams v. Taylor*, 529 U.S. at 411.  A state court decision involves an unreasonable application of Supreme Court precedent if the state court identifies the correct governing legal rule from Supreme Court cases but unreasonably applies it to the facts of the particular inmate's case; or if the state court either unreasonably extends a legal principle from Supreme Court precedent to a new context where it should not apply; or unreasonably refuses to extend that principle to a new context where it should apply.  *Bottoson v. Moore*, 234 F.3d 526, 531 (11th Cir. 2000).  The "unreasonable application" inquiry requires the state court decision to be more than incorrect or erroneous; it must be objectively unreasonable. *Lockyer v.  Andrade*, 538 U.S. at 75-77; *Williams v. Taylor*, 529 U.S. at 409-10; *Penry v. Johnson*, 532 U.S. at 791-792; *Woodford v. Visciotti*, 537 U.S. at 25; *Mitchell v. Esparza*, 540 U.S. at 18; *Price v. Vincent*, 538 U.S. at 639.

Whether a state court's decision was unreasonable must be assessed in light of the record the court had before it.  *See Holland v. Jackson*, 542 U.S. 649, 652 (2004); *Miller-El*

3

*v. Cockrell*, 537 U.S. 322, 348 (2003) (reasonableness of state court's factual finding assessed "in light of the record before the court"); *cf. Bell v. Cone*, 535 U.S. at 697, n. 4 (declining to consider evidence not presented to state court in determining whether its decision was contrary to federal law).

A petitioner has the burden of overcoming all state court factual determinations by clear and convincing evidence. 28 U.S.C. § 2254(e)(1); *Henderson v. Campbell*, 353 F.3d 880, 890-91 (11th Cir. 2003). The statutory presumption of correctness applies only to findings of fact made by the state court, not to mixed determinations of law and fact. *Parker v. Head*, 244 F.3d 831, 836 (11th Cir.), *cert denied*, 534 U.S. 1046 (2001).

### Evidentiary Hearing

The Court has carefully reviewed the record and concludes Petitioner is not entitled to an evidentiary hearing. *See Smith v. Singletary*, 170 F3.d 1051, 1053-54 (11th Cir. 1999). The pertinent facts of the case are fully developed in the record before the Court. *See Cave v. Singletary*, 971 F.2d 1513, 1516 (11th Cir. 1992). Thus, no additional evidentiary proceedings are required. *See High v. Head*, 209 F.3d 1257, 1263 (11th Cir. 2000), *cert. denied*, 532 U.S. 909 (2001) (citing *McCleskey v. Zant*, 499 U.S. 467, 494 (1991)).

### Discussion

Petitioner raises the following four claims in his petition:

1.  The trial court's interruption of [trial] counsel's closing argument without an objection being made by the prosecution, and further admonishing [trial] counsel for his argument deprived [Petitioner] of his due process right to present a defense;

2.  The trial court abused its discretion in denying the defense motion for judgment of acquittal, thereby depriving [Petitioner] of his right to due process of law;

3.  Trial counsel provided ineffective assistance and deprived Mr. Mulnix of due process of law by refusing to call him as a witness so he could give testimony in his own behalf; and

4

4.   The trial court's failure to conduct an evidentiary hearing on [Petitioner's] post-conviction claim that his attorney refused to allow him to testify in his own behalf deprived [Petitioner] of his constitutional right to due process.

Respondent acknowledges that the petition is timely but argues that it should be denied because Petitioner has failed to make the showing necessary for relief under 28 U.S.C. §§ 2254(d)-(e) (Dkt. 22 at 1).  Having reviewed the record, the parties arguments, applicable statutes, and controlling case law,  the Court agrees.

**Grounds One and Two**

In Ground One of his petition, Petitioner asserts that his right to due process was violated when the trial court, *sua sponte*, interrupted trial counsel during closing argument, which, Petitioner argues, deprived him of his right to present a defense.  In support of this claim, Petitioner states:

During closing argument, defense counsel was going over the inconsistencies in the statements and testimony of Alena Silva (Tr. 72-125) and in the taped statement of Mr. Mulnix (Tr. 40-58) (the tape was played for the jury but not transcribed into the trial record). In explaining said inconsistencies, defense counsel was explaining the synergistic effect of alcohol and drugs on the memory, perception, and thought processes (Tr. 200-202). At that point the trial judge interrupted defense counsel's argument. . .

Defense counsel informed [the] court that he was not arguing voluntary intoxication as a defense, but instead, trying to explain to the jury why there were inconsistencies in the statement Petitioner made.  Petitioner asserts that the trial court deprived him of his right to due process to make fair comment on, and to give a fair explanation of the evidence presented by the state.

Dkt. 15 at 4-4A.

In Ground Two of his petition, Petitioner asserts that his right to due process of law was violated when the trial court denied trial counsel's motion for judgment of acquittal. In support of his claim, Petitioner argues that:

The only evidence the state presented was a taped statement [Petitioner] gave to police, and the statements and trial testimony of

> Alena Silva. . . . [Petitioner] and Ms. Silva were the only other persons present when the altercation occurred, and at that time both were extremely intoxicated on alcohol and crack cocaine. Due to their intoxication, neither [Petitioner] nor Silva can recall the events clearly. This resulted in numerous inconsistencies, discrepancies, and "I can't remember[s]" in their statements and Silva's testimony. Thus, there was no clear or convincing evidence presented at trial that could establish the circumstances under which the single blow was struck with the baseball bat. . . . The evidence does not prove the elements necessary to prove second degree murder. At best, the evidence might be construed to prove the elements of voluntary manslaughter. Since there was no proof that a second degree murder occurred, the trial judge abused his discretion by denying the defense motion for judgment of acquittal.

Dkt. 15 at 5-5A.. The crux of Petitioner's argument is that due to inconsistencies in the evidence it adduced, the State failed to demonstrate that he acted with a "depraved mind without regard for human life" (Dkt. 16 at 6). Certain aspects of the testimony given by Alena Silva, the only eyewitness to the altercation between Petitioner and the victim, were contradicted by pretrial statements she made to the investigating officers and the prosecutor. On several occasions during his interview with the investigating officers, Petitioner changed his version of the events that culminated in the fatal blow to the victim's head (Dkt. 16 at 8). Petitioner contends that these inconsistencies were the result of the "synergistic effects" of alcohol and cocaine on his and Ms. Silva's "memory, perception, and thought processes" (Dkt. 16 at 8-9). According to Petitioner, the trial court erred in denying the motion for a judgment of acquittal "because the only evidence available are [sic] the scrambled rememberances of Ms. Silva and [Petitioner]" (Dkt. 16 at 9).

Respondent argues, *inter alia*, that these two claims are procedurally defaulted because Petitioner did not present a federal question to the appellate court when he raised the issues on direct appeal. *See Mulnix v. State*, 746 So.2d 453 (Fla. 2d DCA 1999) (table decision). Having conducted a thorough review of the brief Petitioner filed on direct appeal, *see* Dkt. 11, Ex. 1, the Court agrees. When Petitioner raised these claims in state court, he

did so  on state law grounds only.

Petitioner cites *Goeke v. Branch*, 514 U.S. 115, 117-20 (1995), in support of his argument that Ground One of his petition is exhausted because he "presented the 'operative facts' to the Florida court." In support of his argument that Ground Two is properly exhausted, Petitioner cites *Pope v. Netherland*, 113 F.3d 1364, 1368 (4th Cir. 1997).  Petitioner reliance on these two decision is misplaced. *See Picard v. Connor,* 404 U.S. 270, 277-78 (1971) (noting both the operative facts and the controlling legal principles of a constitutional claim must be submitted to the state court).

As the Supreme Court explained in *Duncan v. Henry*, briefing an issue as a matter of state law is not sufficient to exhaust a federal claim on the same grounds. 513 U.S. 364, 366 (1995).  Adopting the magistrate judge's finding that Henry had exhausted his state remedies, the district judge held that a trial court evidentiary error violated Henry's due process right to receive a fundamentally fair trial.  *Henry v. Estelle*, 33 F.3d 1037, 1043 (9th Cir. 1993). In reaching the conclusion that Henry exhausted his state remedies even though he had not claimed a violation of any federal constitutional right in the state proceedings, the circuit court held that "to state a federal due process claim it is not necessary to invoke 'the talismanic phrase "due process of law"' or cite 'book and verse on the federal constitution'. . . ."(citations omitted). *Id.* at 1040.  Reversing the circuit court's decision, the Supreme Court held that "[i]f a habeas petitioner wishes to claim that an evidentiary ruling at a state court trial denied him the due process of law guaranteed by the Fourteenth Amendment, he must say so, not only in federal court, but in state court." *See also Isaacs v. Head*, 300 F.3d 1232, 1254 (11th Cir. 2002) ("If state courts are to be given the opportunity to correct alleged violations of prisoners' federal rights, the courts must be alerted to the fact that the prisoners are asserting claims under the United States Constitution."); *Baker v. Corcoran*, 220 F.3d

276, 289 (4th Cir. 2000) (holding that "both the operative facts and the controlling legal principles must be presented to the state court. . . . Importantly, the presentation to the state court of a state law claim that is similar to a federal claim does not exhaust the federal claim.") (citing *Duncan v. Henry*, 513 U.S. at 366). In its decision establishing the standard used in evaluating sufficiency of the evidence claims, the Supreme Court held that "in a challenge to a state criminal conviction brought under 28 U.S.C. § 2254 – *if the settled procedural prerequisites for such a claim have otherwise been satisfied* – the applicant is entitled to habeas corpus relief if it is found that upon the record evidence adduced at the trial no rational trier of fact could have found proof of guilt beyond a reasonable doubt." *Jackson v. Virginia*, 443 U.S. 307, 324 (1979) (emphasis added).  *See also Peoples v. Campbell*, 377 F.3d 1208, 1230 (11th Cir. 2004).

Under Florida law, an issue which could have been raised on direct appeal and was not may not be reviewed in a Rule 3.850 motion.  *Harmon v. Barton*, 894 F.2d 1268, 1270 (11th Cir.), *cert. denied*, 498 U.S. 532 (1990). Thus, Petitioner's failure to present the federal constitutional dimension of his claims on direct appeal renders the claims procedurally defaulted in state court. *See Robinson v. State*, 913 So.2d 514, 524 n.9 (Fla. 2005) (finding claim of trial court error procedurally barred because it should have been raised on direct appeal). This circuit has long recognized this aspect of Florida law. *See Sullivan v. Wainwright*, 695 F.2d 1306, 1310 (11th Cir.) (claims that could have been or should have been preserved at trial and then raised on direct appeal and were not are procedurally barred), *cert. denied*, 464 U.S. 922 (1983).

Respondent argues that since Petitioner is now barred from raising the federal constitutional aspects of these claims in state court, this Court should recognize the state procedural bar as an independent and adequate state ground barring federal habeas review.

*See Henderson v. Campbell*, 353 F.3d at 891 (finding that where the petitioner "failed to properly exhaust these claims in the state courts, and now is undeniably barred by firmly established and consistently applied state procedural rules from raising them, the claims are procedurally defaulted, and our review is precluded by this adequate and independent state procedural ground" (footnotes omitted)); *Upshaw v. Singletary*, 70 F.3d 576 (11th Cir. 1995). Like *Henderson*, Petitioner's claim is procedurally defaulted because any new petition would be barred in state court by multiple procedural rules, including the statute of limitations. *See* Fla. R. Crim. P. 3.850.

Where, as here, a petitioner has procedurally defaulted a claim by failing to raise it in state court, the claim may be raised in a federal habeas court only if the petitioner can first demonstrate either "cause" and actual "prejudice," *Murray v. Carrier*, 477 U.S. 478, 485 (1986); *Wainwright v. Sykes*, 433 U.S. 72, 87 (1977), or the kind of fundamental miscarriage of justice occasioned by a constitutional violation that resulted in the conviction of a defendant who was "actually innocent," as contemplated in *Murray*, 477 U.S. at 496. The petitioner must, however, present his allegations of cause to excuse a clear procedural bar in state court. *Id.* at 488.

Petitioner asserts that "cause for the procedural default doctrine has to be imputed to the State because the default occurred at a stage of the proceedings at which the 6th Amendment guarantee of counsel is applicable. . . Consequently, in this case, the default occurred as a result of the court appointed attorney's ignorance or inadvertence" (Dkt. 28 at 3). The Supreme Court has made clear that an ineffective assistance of counsel claim being used for cause to excuse a procedural default of another claim is not itself excepted from the doctrine of procedural default. *See Edwards v. Carpenter*, 529 U.S. 446, 451-53 (2000); *see also Henderson v. Campbell*, 353 F.3d at 896. "Attorney error short of ineffective assistance

9

of counsel, however, does not constitute cause and will not excuse a procedural default." *McCleskey v. Zant,* 499 U.S. 467, 494 (1991). It is Petitioner's burden under *Murray* and *Strickland v. Washington*, 466 U.S. 668 (1984),[1] to prove that appellate counsel's failure to present the federal constitutional dimension of these claims on direct appeal amounted to constitutionally ineffective assistance of counsel. Where appellate counsel is not constitutionally defective, the petitioner is required to "bear the risk of attorney error that results in a procedural default." *Murray,* 477 U.S. at 488 (holding that "if the procedural default is the result of ineffective assistance of counsel, the Sixth Amendment itself requires that responsibility for the default be imputed to the State").

As set forth *supra*, the only argument Petitioner offers to show cause for the procedural default is his statement that "the default occurred as a result of court appointed attorney's ignorance or inadvertence" (Dkt. 28 at 3). This bare allegation, completely devoid of factual support, is not sufficient to establish either deficient performance or prejudice under *Strickland*. Moreover, Petitioner has cited no credible evidence of external impediments, nor is there evidence showing that "the factual or legal basis for a claim was not reasonably available to counsel, or that 'some interference by officials' made compliance impracticable." *Murray,* 477 U.S. at 488. While Petitioner was represented by court-appointed counsel on appeal, this fact, standing alone, is no a basis for finding that an "external impediment to the defense" caused the procedural default of this claim. *See McCleskey v. Zant*, 499 U.S. at 493-94 (quoting *Murray*, 477 U.S. at 488). Having failed to show cause for the procedural default of his ineffective assistance of appellate counsel claim, Petitioner cannot use it as

---

[1]As discussed below, to prevail on a claim of ineffective assistance of counsel, a petitioner must meet the two-pronged test set out in *Strickland* by showing that: (1) counsel's representation was deficient and (2) this deficient representation prejudiced petitioner. *Strickland*, 466 U.S. at 687. "The standard of proof and standard of review are the same in the context of ineffective assistance of appellate counsel as in the context of ineffective assistance of trial counsel." *Duest v. Singletary*, 967 F.2d 472, 477 n.4 (11th Cir. 1992) (citation omitted), *rev'd on other grounds*, 507 U.S. 1048 (1993).

cause for the procedural default of his underlying claims of trial court error.

Petitioner has not shown cause and prejudice to overcome the procedural bar, *Wainwright v. Sykes*, 433 U.S. at 87, nor has he shown that a fundamental miscarriage of justice will occur if this Court does not reach the merits of this claim. *See Murray*, 477 U.S. at 496. To the contrary, Petitioner does not deny that he used a baseball bat to strike the victim, causing the skull fracture that resulted in the victim's death due to internal bleeding and swelling of the brain; instead, Petitioner contends that the evidence adduced at trial only supports a conviction for the lesser included offense of manslaughter. Without such a showing, a federal habeas court should not even discuss the merits of a claim that has been procedurally defaulted in state court. *Kight v. Dugger*, 50 F.3d 1539, 1543 (11th Cir. 1995).

**Ground Three**

In support of his claim that he was deprived of his Sixth Amendment right to effective assistance of counsel and due process of law when trial counsel allegedly refused to allow him to testify, Petitioner states:

> [Petitioner] informed his attorney that he wished to testify at trial and tell the jury that he was in fear for his life when he struck the single blow with the baseball bat, and that he only meant to hit the deceased on the arm to end his aggression. Defense counsel advised [Petitioner] that he was the lawyer, that he would make the call, and that he would not allow [Petitioner] to testify. Defense counsel then advised [Petitioner] that he would withdraw from the case unless [Petitioner] would follow his advice.

Dkt. 15 at 10. In his Rule 3.850 motion, Petitioner made the following assertions:

> Defense counsel and [Petitioner] had a discussion during lunch recess on the second day of trial about whether or not [Petitioner] should testify on his own behalf.

> [Petitioner] asserted to [trial] counsel his willingness to testify and that the jury should hear his version of the events. [Trial] counsel advised [Petitioner] that the jury would be unsympathetic towards him due to the drug and alcohol use on the night of the alledged [sic] attack and that if [Petitioner] elected to testify,

the State would bring up [Petitioner's] past criminal record to convict him.

Dkt. 11, Ex. 7 at 12.  Notably, Petitioner did not assert that trial counsel stated "that he was

the lawyer, that he would make the call, and that he would not allow [Petitioner] to testify."

Petitioner also failed to assert in his Rule 3.850 motion that trial counsel threatened to

"withdraw from the case unless [Petitioner] would follow his advice."  As Respondent pointed

out in response to this claim, Petitioner did not allege that trial counsel "threatened, forced

or coerced" Petitioner in any way.  In its order denying Petitioner's Rule 3.850 motion, the

trial court found:

> In ground seven, Defendant alleged that counsel was ineffective for not
> allowing him to testify.  The Court ordered the State to show cause why
> Defendant is not entitled to relief under ground seven.  The State filed its
> response on April 17, 2002.
>
> In its response, the State argues, and the Court agrees, that Defendant has not
> sufficiently alleged how counsel was deficient.  Defendant alleges that he
> wanted to testify but had a discussion with counsel, who "advised" against it,
> based on Defendant's prior record and the belief that the jury would be
> unsympathetic to Defendant's drug and alcohol use.  As the State points out,
> this advice does not appear to be unreasonable.  Although Defendant appears
> to second-guess the decision not to testify, nowhere in his motion does
> Defendant allege that counsel forced or coerced him in any way.
>
> Defendant also fails to sufficiently demonstrate how he was prejudiced.
> Defendant states that the jury did not get a chance to hear his version of the
> events.  Defendant, however, does not provide any specific detail as to what
> testimony he would have offered or how it could have influenced the outcome
> of his case.  Additionally, the State points out that the jury did get to hear
> Defendant's version of the events in the form of a taped interview with police
> officers.  *See Exhibit A: Excerpt from Trial Transcript (pp. 44-48).*  The State
> argues that any inconsistencies in trial testimony would have weighed on
> Defendant's credibility as a witness.
>
> Accordingly, . . . Defendant's Motion for Post Conviction Relief is **DENIED**.

Dkt. 11, Ex. 10. The state appellate court affirmed the trial court's decision, per curiam,

without written opinion, on March 5, 2003. *See Mulnix v. State*, 847 So.2d 472 (Fla. 2d DCA

2003) (table decision).

Petitioner has expanded the scope of Ground Three to include a claim that trial counsel threatened to withdraw if Petitioner did not follow his advice.  This argument was not exhausted in state court and would now be procedurally barred by Rule 3.850's two-year limitations period. When it is clear that a petitioner's unexhausted claim would be barred in state court due to a state-law procedural default, the claim is barred in federal court. *Snowden v. Singletary* , 135 F.3d 732, 736 (11th Cir. 1998) (citing *Coleman v. Thompson*, 501 U.S. 722, 735 n. 1 (1991)).  Petitioner has not shown cause and prejudice to overcome the procedural bar, *Wainwright v. Sykes*, 433 U.S. 72 (1977), nor has he shown that a fundamental miscarriage of justice will occur if this Court does not reach the merits of the claim.  *Murray v. Carrier*, 477 U.S. 478, 496 (1986). Petitioner does not deny that he committed the crime of which he was convicted; instead, he argues that he is guilty of a lesser included offense. Thus, the Court would be remiss in addressing the merits of this aspect of Petitioner's ineffective assistance of counsel claim.

As to Petitioner's claim that trial counsel advised him that the State could ask him about his prior felony conviction(s) and that the jury would be unsympathetic to Petitioner because the offense was committed while he was under the influence of drugs and alcohol, since a state court initially considered these issues and entered a decision on the merits, § 2254(d) governs the review thereof.  *See Mobley v. Head,*  267 F.3d 1312, 1316 (11th Cir. 2001).

According to clearly established federal law enunciated by the United States Supreme Court, to establish a prima facie claim of ineffective assistance of counsel, Petitioner must show that counsel's performance was deficient and that the deficient performance prejudiced the defense. *Strickland v. Washington*, 466 U.S. 668, 687 (1984). Deficient performance is performance which is objectively unreasonable under prevailing professional norms.  *Id.* at

688. Prejudice results when there is "a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Id.* at 694. The Eleventh Circuit has held that "[w]hen applying *Strickland*, we are free to dispose of ineffectiveness claims on either of its two grounds." *Oats v. Singletary*, 141 F.3d 1018, 1023 (11th Cir. 1998).    "To state the obvious:  trial lawyers, in every case, could have done something more or something different. So, omissions are inevitable.  But the issue is not what is possible or 'what is prudent or appropriate, but only what is constitutionally compelled.'" *Chandler v. United States*, 218 F.3d 1305, 1313 (11th Cir. 2000) (en banc) (quoting *Burger v. Kemp*, 483 U.S. 776 (1987)).

Under *Strickland*, "the cases in which habeas petitioners can properly prevail on the ground of ineffective assistance of counsel are few and far between." *Waters v. Thomas*, 46 F.3d 1506, 1511 (11th Cir. 1995) (en banc) (quoting *Rogers v. Zant*, 13 F.3d 384, 386 (11th Cir. 1994)).

> The test has nothing to do with what the best lawyers would have done. Nor is the test even what most good lawyers would have done. We ask only whether some reasonable lawyer at the trial could have acted, in the circumstances, as defense counsel acted at trial . . . We are not interested in grading lawyers' performances; we are interested in whether the adversarial process at trial, in fact, worked adequately.

*White v. Singletary*, 972 F.2d 1218, 1220-21 (11th Cir. 1992). *See also, Putnam v. Head*, 268 F.3d 1223, 1244 (11th Cir. 2001).   In addressing the level of deference due state court decisions on ineffective assistance of counsel claims, the Eleventh Circuit stated:

> Because "both the performance and the prejudice components of the ineffectiveness test are mixed questions of fact and law . . . [,] a state court's ultimate conclusions regarding competence and prejudice are not findings of fact binding on the federal court to the extent stated by § 2254(d). . . ." *Kimmelman,* 477 U.S. at 388-89, 106 S.Ct. at 2590.  Subsidiary findings of historical fact and findings that certain decisions by counsel were tactical choices, however, are entitled to a presumption of correctness under § 2254 as questions of fact. *Id.* at 389, 106 S.Ct. at 2590; *Horton v. Zant,* 941 F.2d

14

1449, 1462 (11th Cir.1991), *cert. denied,* 503 U.S. 952, 112 S.Ct. 1516, 117 L.Ed.2d 652 (1992). Thus, we defer to the state court's findings of fact but apply our own judgment as to whether the conduct constitutes ineffective assistance of counsel.

*Mills v. Singletary*, 63 F.3d 999, 1024 n.43 (11th Cir. 1995), *cert. denied*, 517 U.S. 1214 (1996).

First, while he does not disclose the nature of his prior convictions, Petitioner does not contend that he was not a convicted felon when he proceeded to trial.  Under Florida law, evidence of a defendant's prior conviction for a crime punishable by a prison sentence greater than one year is admissible to impeach a witness. *See* Fla. Stat. § 90.610(1).[2] Thus, trial counsel correctly advised Petitioner that if he took the stand to testify, the State could ask him whether he had a prior felony conviction.

As to whether trial counsel's performance was deficient when he advised Petitioner that if he testified, he risked alienating the jury, the inquiry into whether a lawyer has provided effective assistance is an objective one: a petitioner must establish that no objectively competent lawyer would have taken the action that his lawyer did take. *See Chandler v. United States*, 218 F.3d 1305, 1315 (11th Cir. 2000), *cert. denied*, 531 U.S. 1204 (2001). An ambiguous or silent record is not sufficient to disprove the strong and continuing presumption of effective representation. Where the record is incomplete or unclear about counsel's actions, it will be presumed that he did what he should have done, and that he exercised reasonable professional judgment. *See Chandler v. United States*, 218 F.3d 1305, 1314 n.15 (11th Cir. 2000), *cert. denied*, 531 U.S. 1204 (2001). "[C]ounsel cannot be

---

[2] "A party may attack the credibility of any witness, including an accused, by evidence that the witness has been convicted of a crime if the crime was punishable by death or imprisonment in excess of 1 year under the law under which the witness was convicted, or if the crime involved dishonesty or a false statement regardless of the punishment." Fla. Stat. § 90.610(1).

adjudged incompetent for performing in a particular way in a case, as long as the approach taken 'might be considered sound trial strategy.'" *Id.* at 1314.

Accepting, *in arguendo*, that trial counsel made the statement Petitioner attributes to him, the Supreme Court has mandated a highly deferential review of counsel's conduct, especially where strategy is involved. *Spaziano v. Singletary*, 36 F.3d 1028, 1039 (11th Cir. 1994), *cert. denied*, 513 U.S. 1115 (1995). Intensive scrutiny and second-guessing of attorney performance are not permitted. The inquiry into whether a lawyer has provided effective assistance is an objective one: a petitioner must establish that no objectively competent lawyer would have taken the action that his lawyer took. *See Chandler v. United States*, 218 F.3d at 1315. Petitioner has not demonstrated that trial counsel's performance was objectively unreasonable under prevailing professional norms. *Strickland*, 466 U.S. at 688. The trial court's decision is in accord with the *Strickland* standard for effective assistance of counsel.

The Court finds that Petitioner has failed to establish that the trial court's adjudication of this claim was contrary to or an unreasonable application of clearly established Federal law or resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented.  Having failed to make the necessary showing, Petitioner has not demonstrated that he is entitled to federal habeas relief on this claim.

**Ground Four**

Petitioner next asserts that the post-conviction court's failure to conduct an evidentiary hearing on his claim that trial counsel refused to allow him to testify in his own behalf deprived him of his constitutional right to due process.  Under Florida law, "a defendant is entitled to an evidentiary hearing on a postconviction relief motion unless (1) the motion, files,

16

and records in the case conclusively show that the prisoner is entitled to no relief, or (2) the motion or a particular claim is legally insufficient." *Freeman v. State*, 761 So.2d 1055, 1061 (Fla. 2000).  This is, however, a matter of state law unrelated to the cause of Petitioner's detention.

It is well-settled that a petitioner's claim which goes to issues unrelated to the cause of detention does not state a basis for habeas relief. *See Quince v. Crosby*, 360 F.3d 1259, 1261 (11th Cir. 2004) ("Therefore, while habeas relief is available to address defects in a criminal defendant's conviction and sentence, an alleged defect in a collateral proceeding does not state a basis for habeas relief") (citing *Spradley v. Dugger*, 825 F.2d 1566, 1568 (11th Cir. 1987) (involving claims as to errors at a hearing on the petitioner's 3.850 motion)); *see also Nichols v. Scott,* 69 F.3d 1255, 1275 (5th Cir. 1995) ("An attack on a state habeas proceeding does not entitle the petitioner to habeas relief in respect to his conviction, as it is an attack on a proceeding collateral to the detention and not the detention itself" (internal quotes omitted)); *Franzen v. Brinkman,* 877 F.2d 26, 26 (9th Cir. 1989) (agreeing with the majority view and holding that "a petition alleging errors in the state post-conviction review process is not addressable through habeas corpus proceedings").

Because Petitioner's allegation, framed in constitutional terms, that an evidentiary hearing should have been held in his post-conviction proceeding to determine whether trial counsel prevented him from testifying (Dkt. 15 at 8-8A) does not state a cognizable basis for federal habeas corpus relief, it will be denied.

### Conclusion

For the foregoing reasons, the Court finds that Petitioner has failed to establish that he is entitled to federal habeas relief.

17

ACCORDINGLY, the Court **ORDERS** that:

1.    The Amended Petition for Writ of Habeas Corpus is **DENIED** (Dkt. 15).

2.    The **Clerk** shall enter judgment against Petitioner, terminate all pending motions,

        and close this case.

**DONE** and **ORDERED** in Tampa, Florida on March 2, 2006.

JAMES S. MOODY, JR.
UNITED STATES DISTRICT JUDGE

Copy furnished to:
All Parties of Record

SA:jsh

18