UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

MICHAEL MULNIX,

    Petitioner,

v.                                                    CASE NO. 8:03-CV-500-T-30MSS

WALTER A. MCNEIL,

    Respondent.
_____/

## ORDER

This matter comes before the Court for consideration of Petitioner's Application for Certificate of Appealability (Dkt. 49) pursuant to Rule 22, Fed. R. App. P.,[1] and 28 U.S.C. § 2253.[2] Petitioner did not pay the $455.00 appellate filing fee and costs or seek leave to proceed on appeal *in forma pauperis*.

The Court denied Petitioner's claims on the merits (Dkt. 47). While issuance of a COA does not require a showing that the appeal will succeed, *see Miller-El v. Cockrell*, 537

---

[1] "Certificate of Appealability. (1) In a habeas corpus proceeding in which the detention complained of arises from process issued by a state court, or in a 28 U.S.C. §§ 2255 proceeding, the applicant cannot take an appeal unless a circuit justice or a circuit or district judge issues a certificate of appealability under 28 U.S.C. §§ 2253(c). If an applicant files a notice of appeal, the district judge who rendered the judgment must either issue a certificate of appealability or state why a certificate should not issue. . . . If no express request for a certificate is filed, the notice of appeal constitutes a request addressed to the judges of the court of appeals." Rule 22, Fed. R. App. P.

[2] "Unless a circuit justice or judge issues a certificate of appealability, an appeal may not be taken to the court of appeals from -- (A) the final order in a habeas corpus proceeding in which the detention complained of arises out of process issued by a State court;. . . (2) A certificate of appealability may issue . . . only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c).

U.S. 322, 336-37 (2003), under the controlling standard, a petitioner must demonstrate that reasonable jurists would find the Court's assessment of the petitioner's constitutional claims debatable or wrong.  *See Slack v. McDaniel*, 529 U.S. 473, 484 (2000); *Eagle v. Linahan*, 279 F.3d 926, 935 (11th Cir. 2001).  Petitioner has failed to make this threshold showing. *See Slack*, 529 U.S. at 485.

ACCORDINGLY, the Court **ORDERS** that Petitioner's Application for a Certificate of Appealability (Dkt. 49) is **DENIED**.

**DONE** and **ORDERED** in Tampa, Florida on March 28, 2008.

_____
JAMES S. MOODY, JR.
UNITED STATES DISTRICT JUDGE

SA:sfc
<u>Copies furnished to:</u>
Counsel of Record

2